T.C. Memo. 1995-602

UNITED STATES TAX COURT

VICTORIA AND DENIS M. LYSZKOWSKI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15038-94.              Filed December 21, 1995.

Denis M. Lyszkowski, pro se.

Linda Ann Love, for respondent.

MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined a deficiency in the amount of $377 in petitioners' Federal income tax for the tax year ended

_____

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

1991.  The issue for decision is whether slot machine winnings received by petitioner Denis M. Lyszkowski constitute gross income pursuant to section 61.

The facts in this case have been fully stipulated and are so found.  The stipulated facts and attached exhibits are incorporated herein by this reference.  At the time of filing the petition herein, petitioners resided at Doylestown, Pennsylvania.

In 1991, Denis M. Lyszkowski (petitioner) received gambling winnings totaling $2,500 from slot machine play at Caesar's Boardwalk Regency (Caesar's) in Atlantic City, New Jersey. Federal income taxes were not withheld from these gambling winnings.  Petitioner received a Form W-2G from Caesar's with respect to the slot machine winnings.  Petitioners did not report the $2,500 as gross income on their jointly filed 1991 Federal income tax return.  Respondent issued a notice of deficiency dated May 24, 1994, reflecting a $2,500 increase in petitioners' gross income.  Petitioners filed a timely petition with this Court for a redetermination of the deficiency.[2]

The thrust of petitioners' argument is that the $2,500 in slot machine winnings is not taxable income.  Petitioners base this conclusion on several grounds, namely: (1) Slot machine

---

[2]  We note that at the calendar call petitioners filed a motion to withdraw their petition. The Court denied the motion.  Once a timely petition is filed in response to a notice of deficiency, we have exclusive jurisdiction.  Sec. 6512(a).  It is well established that "a taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy." Dorl v. Commissioner, 57 T.C. 720, 722 (1972), affd. 507 F.2d 406 (2d Cir. 1974).

winnings are exempt from tax pursuant to section 3402(q)(5); (2) petitioner was not legally required to sign the Form W-2G when he received his slot machine winnings; (3) petitioner withdrew his signature on the Form W-2G, thereby removing himself from its legally binding terms; and (4) the Commissioner has no authority to issue section 7.6041-1, Temporary Proced. & Admin. Regs., 42 Fed. Reg. 1471 (Jan. 7, 1977), as amended by 42 Fed. Reg. 33286 (June 30, 1977), requiring payers of slot machine winnings to issue Forms W-2G to payees.

Respondent argues that winnings from slot machines are includable in gross income and are, therefore, taxable.  In addition, respondent asserts that the Commissioner has the authority to issue section 7.6041-1, Temporary Proced. & Admin. Regs., supra, which requires payers of slot machine winnings to issue Forms W-2G to payees.  Respondent concludes that, although section 3402 exempts slot machine winnings from withholding at the source, such winnings are not exempt from taxation.

Petitioner's arguments are substantially identical to those he advanced before this Court regarding the taxability of his 1989 and 1990 slot machine winnings.  We found that petitioner had slot machine winnings in 1989 and 1990 in the amounts of $1 million and $2,500, respectively.  See Lyszkowski v. Commissioner, T.C. Memo. 1995-235, on appeal (3d Cir., Sept. 5, 1995).  In that case, we painstakingly addressed each of petitioner's arguments before concluding that the slot machine

winnings were taxable. We explained that although section 3402 exempts slot machine winnings from withholding, this section applies to payers and not to the "ultimate tax liability of the payees who receive such winnings". In addition, we noted that petitioner was confusing the exemption from withholding with an exemption from gross income. We also held that petitioner's challenge to the Treasury Department's authority to promulgate section 7.6041-1, Temporary Proced. & Admin. Regs., supra, was without merit.

There is no question that petitioner's slot machine winnings represent gross income. See United States v. Monteiro, 871 F.2d 204 (1st Cir. 1989); Johnston v. Commissioner, 25 T.C. 106 (1955). We agree with the analysis presented in Lyszkowski v. Commissioner, T.C. Memo. 1995-235. We perceive no need to explain again why the slot machines winnings are taxable income.

The remainder of petitioner's arguments appear to challenge the authority of the Internal Revenue Service generally. We will not address arguments which appear to be a protest of the Federal income tax laws. As the Court of Appeals for the Fifth Circuit noted: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see also Sauers v. Commissioner, 771 F.2d 64, 67 (3d Cir. 1985), affg. T.C. Memo. 1984-367.

Based on the foregoing, respondent's determination is sustained.

<u>Decision will be entered</u>

<u>for respondent</u>.
